## HENRY D. GOETCHIUS v. ELISHA CALKINS.

*Joint note—Suretyship—Contribution.*

B. and G. gave a joint note to C., G. signing as B.'s surety. C. indorsed it to P. who afterwards released it, taking instead a joint note given by G. with C. as surety. *Held*, that on the original note G. was the debtor of C. and would have had recourse only to B., and that on paying the second note he could not claim contribution from C. who was virtually his surety in both cases.

Error to Macomb. Submitted June 16. Decided June 22.

ASSUMPSIT. Plaintiffs bring error. Affirmed.

*W. W. & M. N. Stickney* for plaintiff in error. When subsequent sureties become bound for the performance of the same act as the former ones, and especially by the same contracts, the right of contribution is created in favor of the former: *Keith v. Goodwin* 31 Vt. 276; Brandt on Suretyship, §§ 221, 222; and it is immaterial that they signed at

different times: *Warner v. Morrison* 3 Allen 566; *Chaffee v. Jones* 19 Pick. 268; *Monson v. Drakeley* 40 Conn. 552; if two co-sureties are bound for a debt and one gives his note for it in payment, he can at once sue the other for contribution: Brandt on Suretyship, § 249; *Ralston v. Wood* 15 Ill. 159; *Pinkston v. Taliaferro* 9 Ala. 547; *Anthony v. Percifull* 8 Ark. 494; *Robertson v. Maxcey* 6 Dana 101; *Doolittle v. Dwight* 2 Met. 561.

*Irving D. Hanscom* and *James B. Eldredge* for defendant in error. Sureties must occupy the same relations to the principal to make them subject to contribution: Brandt on Suretyship, § 224; *Wells v. Miller* 66 N. Y. 258.

CAMPBELL, J. Goetchius sues Calkins to recover contribution for his alleged excess of payment on a joint note executed by the two to William Park, on the 2d of February, 1878. The consideration of this note was the release and extension of time of a former note which Goetchius and one Brown had formerly executed to Calkins, on which Goetchius was surety and Brown principal. Calkins was the nominal payee and held it in trust for other parties; and it had been transferred to Park to raise money for their benefit.

We think there is no foundation for any such claim. Goetchius was the debtor of Calkins, and was bound to pay him or his indorsee the whole of the old note, having recourse only to Brown for re-imbursement. Calkins owed him nothing, and there is no consideration whatever which would make it equitable to compel him to assume half of a debt which would have been due to himself in case he and not Goetchius had paid Park. He, in other words, is on the present note as to Goetchius as he was on the old note which he indorsed, not an original co-debtor, but a surety for Goetchius as principal debtor. When Goetchius paid the note he paid no more than as between the two he was bound to pay.

The judgment must be affirmed with costs.

The other Justices concurred.